**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-01499-MSK-NYW

EBUILD, LLC,

    Plaintiff,

v.

MELODY HOMES INC.,

    Defendant.

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Magistrate Judge Nina Y. Wang

    This matter is before the court on Plaintiff ebuild, LLC's ("Plaintiff" or "ebuild") failure to respond to this court's Order to Show Cause. Also before the court is Defendant Melody Homes Inc.'s Motion to Dismiss [#9] filed September 25, 2015 and referred to the undersigned Magistrate Judge pursuant to the Order Referring Case dated July 17, 2015 [#4] and memorandum dated October 5, 2015 [#10].

    On October 14, 2015, this court ordered Plaintiff to show cause in writing and on or before November 6, 2015, why this case should not be dismissed based on ebuild's inability as a corporation to proceed *pro se*. As of the date of this Recommendation, Plaintiff has not responded to the Order to Show Cause and there is no indication before this court, such as the entry of an attorney's appearance on ebuild's behalf or the filing of a response to the Motion to Dismiss, that Plaintiff has secured legal representation. For these reasons, I respectfully RECOMMEND that this action be DISMISSED WITHOUT PREJUDICE and the Motion to Dismiss be DENIED as MOOT.

## ANALYSIS

Local Rule of Practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

Plaintiff has failed to diligently prosecute this action, as demonstrated by its failure to comply with the Order to Show Cause and failure to procure counsel. As this court explained in the Order to Show Cause, "a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001) (citing *Flora Constr. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962) (holding that "The rule is well established that a corporation can appear in a court of record only by an attorney at law.")). Following a review of the docket, which reflected that non-attorney Bill Berkey, Plaintiff's Chief Executive Officer, purported to represent Plaintiff, this court ordered counsel for ebuild to enter her or his appearance no later than November 6, 2015; and ordered, in the alternative, that ebuild "show cause by that date why this action should not be dismissed based on ebuild's inability as a corporation to proceed *pro se*." [#16]. This court further warned that "[a]bsent prompt substitution of a licensed attorney to represent ebuild, this action cannot be maintained." *Id.* (citing *Harrison*, 253 F.3d at 556). Accordingly,

I respectfully RECOMMEND that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE for failure to prosecute, and that the Motion to Dismiss [#9] be DENIED AS

MOOT.[1]

DATED: November 20, 2015          BY THE COURT:

                                                   *s/* Nina Y. Wang_____
                                                   United States Magistrate Judge

---

[1] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).